#### IN THE UNITED STATES BANKRUPTCY COURT
#### FOR THE DISTRICT OF MARYLAND

#### (Greenbelt Division)

| | |
|---|---|
| In re Shannon N. Fitzgerald<br><br>Debtor(s).<br>_____<br><br>Shannon N. Fitzgerald<br><br>      Plaintiff,<br><br>      v.<br><br>Navient Solutions, LLC<br><br>      Defendant. | Chapter 7 No. 21-10567<br><br><br><br><br><br><br>Adv. Pro. No. |

### PLAINTIFF'S COMPLAINT

Plaintiff Shannon N. Fitzgerald, by and through her attorney Richard M. McGill, files this Complaint against Defendant, Navient Solutions, LLC, on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, and states as follows:

### II.

### PARTIES

**A.** **Plaintiff**

1

    1.    Shannon N. Fitzgerald is a citizen of the State of Maryland, residing in the District of Maryland.

**B.**    **Defendant**

    2.    Navient Solutions, LLC is a limited liability company headquartered in the State of Virginia and can be served at CSC-Lawyers Incorporating Service Company, 7 Paul Street, Suite 820, Baltimore, MD 21202.

### III.

### JURISDICTION AND VENUE

    3.    This Adversary Proceeding is brought under Case Number 21-10567.

    4.    This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

    5.    This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001.

    6.    Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

### IV.

### FACTUAL AND PROCEDURAL BACKGROUND

**A.**    **Background of the Problem**

7. Private education loans have limited protection from discharge under § 523(a)(8)(b). Bankruptcy Code § 523(a)(8)(b) excepts from discharge a "qualified education loan" as defined in § 221(d)(1) of the Internal Revenue Code. Bankruptcy Code § 221(d)(1) defines a "qualified education loan" as any indebtedness incurred solely to paid for "qualified higher education expenses". "Qualified higher education expenses" are, in turn, defined in § 221(d)(1) as expenses incurred to cover the "cost of attendance" at a Title IV eligible institution by "an eligible student". A Title IV eligible institution is one recognized by the Department of Education under Title IV of the Higher Education Act. "Cost of attendance" is a term of art found in § 472 of the Higher Education Act at 20 U.S.C § 1087 that includes tuition, fees, room, board, books and living expenses. "An eligible student" is defined in 20 U. S. C. § 1091 and 34 CFR 668.32 as "inter alia, students who have not yet exceeded their annual or aggregate borrowing limits under any program authorized by Title IV of the Higher Education Act". (hereinafter referred to as "qualified education loans".)

8. Consumer loans made to persons to cover expenses at non-eligible institutions or to ineligible students are not qualified education loans. These educational loans remain dischargeable under the Bankruptcy Code and the interest payments are not tax deductible. Such expenses include: i. living expenses in excess of the amount determined necessary by the accredited college or university; ii. tuition, room and board costs.

9. Bankruptcy Code places the burden on the creditor to establish by a preponderance of the evidence that the educational debt is excepted from discharge.

10. The Debtor is unable to pay the outstanding balance on the student loans to Navient as payment would present "undue hardship" to her. As stated below, her average monthly income over the last four years is only $3,250.00 and the current balance of her student loans is $327,741.53.

11. Debtor's hardship meets all of the tests set forth in ***Brunner v. New York State Higher Education Service Corp.*** (In re Brunner), 831 F.2d 395, 396 (2nd Circ. 1987). The tests set forth in <u>Brunner</u> is (i) that the Debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loan; (ii) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; (iii) that the Debtor has made good faith efforts to repay the loans.

**B.    <u>Plaintiff's Background and Procedural History</u>**

12. Between 2002 and 2017 Plaintiff attended various universities to include West Virginia University and University of Phoenix.

13. During this time Plaintiff borrowed approximately $400,000.00.

14. Due to circumstances beyond her control, Plaintiff filed for Bankruptcy in this Court on January 28, 2021.

15. Plaintiff's combined student debt is now $327,741.53 and her average monthly income over the last four years as stated above is $3,250.00 per month.

16. Over the years Plaintiff has paid various amounts on a monthly basis and most recently was paying $507.00 per month until January 2020.

V.

<strong><u>CLAIMS FOR RELIEF</u></strong>

A.    <strong><u>Count One: Determination of Dischargeability</u></strong>

17.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

18.    Plaintiff is entitled to discharge of her student loan debt, either in whole or in part, because repayment would constitute an "undue hardship" on her.

19.    Plaintiff meets the standard for undue hardship as articulated in ***Brunner v. New York State Higher Education Service Corp.,*** 831 F.2d 395 (1987).

20.    Accordingly, Plaintiff prays this Court discharge her private student debt in part or in total.

VI.

<strong><u>PRAYER</u></strong>

20.    In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered against Defendants for:

(1)    declaratory and injunctive relief;

(2)    determination of dischargeability;

(3)    other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ Richard M. McGill
Richard M. McGill 2834
Attorney for Plaintiff
PO Box 358
5303 West Court Drive
Upper Marlboro MD 20773
(301) 627-5222
mcgillrm@aol.com

Case 21-10567    Doc 13    Filed 03/11/21    Page 6 of 6